

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX: (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX: (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX: (302) 577-6499

February 17, 2023

<u>Via CM/ECF</u>
The Honorable Maryellen Noreika
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, DE 19801

  RE: *Rigby, et al., v. Jennings*
     C.A. No. 1:21-cv-1523-MN

Dear Judge Noreika:

  The parties write jointly in response to your January 18, 2023 oral order (D.I. 41) with different proposed schedules in *Rigby, et al., v. Jennings*, C.A. No. 1:21-cv-1523-MN. The parties are unable to agree to a proposed scheduled, and thus submit their respective positions for the Court's guidance.

**Plaintiffs' Position on Discovery in This Case**

  In this case, Defendant's proposed scheduling order dates seemingly reflect a belief that there is a substantial amount of evidence which they must gather and introduce, that expert discovery will be required, and that reaching an ultimate resolution of the narrow constitutional issues involved will take quite some time – potentially into 2024. Plaintiffs disagree and oppose discovery in these cases. The U.S. Supreme Court's June 2022 ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) did not contemplate that discovery would be necessary in these sorts of cases.

  The only "facts" relevant to resolution of the Second Amendment question involved here are "legislative facts" regarding historical firearm regulation in this country, and all such facts can accordingly be developed in briefing and through oral argument without the need for expert or other evidence adduced through traditional party discovery methods. *See Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (ordering entry of judgment for plaintiffs on review of order granting motion to dismiss because "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial…. Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law.").

The Honorable Maryellen Noreika

Reviewing the statutes that have been in effect in the U.S. over time to determine whether there is an historical tradition of analogous regulations is a task that is firmly within the province of judges and lawyers, and no fact or expert testimony is needed or appropriate. Further, there is no pertinent information uniquely in the possession of any party in this case that justifies written discovery, document production, or depositions.

Additionally, to the extent there are factual determinations to be made by the Court in the context of its post-*Bruen* Second Amendment analysis, they can be readily answered in the context of summary judgment briefing in the relatively near term. First, do the firearms banned by HB 125 constitute "bearable arms"? Plainly, the answer is yes. Second, are firearms of the type banned by HB 125 presently "in common use for lawful purposes"? Again, the answer is plainly yes. HB 125 bans self-manufactured arms that are almost universally replicas of some of the most popular firearms in the U.S., lawfully possessed by Americans by the tens or hundreds of millions. The only immaterial distinction is that they are self-manufactured. Moreover, to the extent the Court looks for "relevantly similar" historical regulations in U.S. history, there are none.

While Defendant apparently believes that expert discovery is necessary and appropriate in this case, it is noteworthy that *Bruen* itself did not have expert witnesses. Indeed, the Supreme Court decided the case based on a motion-to-dismiss record in the district court (*i.e.*, based solely on the contents of the complaint). Likewise, this case turns entirely upon legal issues that can and should be fully resolved by this Court on evidence from the public and historical legislative record when presented by the parties in briefing. Additionally, Plaintiffs' First, Fifth, and Fourteenth Amendment claims do not require further factual development in order to be resolved, and expert testimony about the constitutionality of HB 125 in the First, Fifth, and/or Fourteen Amendment contexts is inappropriate and unnecessary.

For the foregoing reasons, Plaintiffs do not join in proposing any discovery deadlines which Defendant may propose at this time. Specifically, Plaintiffs take issue with paragraphs 7(a) and (b), 7(f)(i) and (iii), 9(a), and 13 (first, to the extent it improperly calls for a jury trial on these purely legal issues, and also to the extent it suggests a trial is necessary at all) of Defendant's proposed scheduling order. If the Court determines that some discovery should be permitted, Plaintiffs reserve all of their rights with respect to such discovery. Preliminarily, Plaintiffs object to Defendant's proposed scope of discovery to the extent it affords the State greater discovery than is provided by default under the Federal Rules of Civil Procedure. To the extent this case necessitates any discovery at all, it requires far less than a typical civil case, not more. Plaintiffs submit that a schedule should be set for summary judgment briefing to be completed in the relatively near term rather than needlessly stretching this case into 2024 and delaying a final adjudication of these purely legal issues.

**Defendant's Position on Discovery in This Case**

In its Memorandum Opinion, this Court recognizes the need for the parties to "have the opportunity to further develop the record," considering that the "issues at stake are of significant public importance." (D.I. 38, at pp. 21-22). Accordingly, Defendant respectfully requests that the Court enter Defendant's Proposed Scheduling Order attached hereto as Exhibit A, which allows for fact and expert discovery that is necessary under the *Bruen* history and tradition test.

The Honorable Maryellen Noreika

  Properly preparing this matter for trial will require fact and expert discovery. As the Supreme Court explained in *New York State Rifle and Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), the Second Amendment is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at 2128 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). "When the Second Amendment's plain text covers an individual's conduct," *Bruen* requires that "the government … affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2126-27. Doing so requires a historical record for this Court to consider—as the Supreme Court stated in *Bruen*, "[c]ourts are … entitled to decide a case based on the historical record compiled by the parties." *Id.* at 2130 n.6 (emphasis added). A proper record enabling the Court to make an informed ruling under *Bruen*—including 18th- and 19th century history regarding firearms and their regulation during those eras—will take time to compile.

  Indeed, it will be particularly necessary for Defendant to seek expert reports and testimony regarding, *inter alia*, the historical traditions of gun regulations in this country. *See Miller v. Smith*, No. 22-1482, 2023 WL 334788, at *1 (7th Cir. Jan. 20, 2023) (remanding and instructing that, in applying *Bruen*'s "text, history, and tradition" test, "the district court should allow the parties to engage in further discovery, including seeking additional expert reports."). *See also*, *United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2022 WL 16649175 (S.D. Miss. Oct. 27, 2022) (recognizing the need for a historical expert when applying *Bruen*); *Baird v. Bonta*, No. 2:19-CV-00617-KJM-AC, 2022 WL 17542432, at *9 (E.D. Cal. Dec. 8, 2022) (recognizing the need for an expert to collect and survey evidence of the "historical tradition that delimits the outer bounds of the right to keep and bear arms.").

  Permitting fact and expert discovery will not prejudice Plaintiffs as their Preliminary Injunction has been granted, in part.  But not permitting Defendant to undertake necessary fact and expert discovery will prejudice her ability to defend her case under the *Bruen* test.

*   *   *

  All parties appreciate the Court's assistance. Counsel are available at the Court's convenience should the Court have any questions or if a teleconference would be helpful.

Respectfully submitted,

The Honorable Maryellen Noreika

| | |
|---|---|
| GELLERT SCALI BUSENKELL<br>& BROWN LLC | STATE OF DELAWARE<br>DEPARTMENT OF JUSTICE |
| <u>*/s/ Bradley P. Lehman*</u><br>Bradley P. Lehman (#5921)<br>1201 N. Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>(302) 425-5800<br>blehman@gsbblaw.com<br>Attorney for Plaintiffs | <u>*/s/ Andrew R. Fletcher*</u><br>Kenneth L. Wan (#5667)<br>Andrew R. Fletcher (#6612)<br>Deputy Attorneys General<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801<br>(302) 577-8400<br>kenneth.wan@delaware.gov<br>andrew.fletcher@delaware.gov<br>Attorneys for Defendant |