IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN RIGBY, ALAN KNIGHT, and FIREARMS POLICY COALITION, INC., <br><br>    Plaintiffs, <br><br>    v. <br><br>KATHY JENNINGS, Attorney General of Delaware, <br><br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : C.A. No. 1:21-cv-01523-MN <br> : <br> : <br> : <br> : <br> : |

## SCHEDULING ORDER

This 1st day of March, 2023, ~~the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (see Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 17, 2023**.

Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraph 7(g) and 8.

3. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

> Any proposed protective order must include the following paragraph:
>
> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal</u>. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process</u>. Given that the parties have conferred and determined that this

matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, this matter will not be referred to a magistrate judge to explore the possibility of alternative dispute resolution at this time.

7. Discovery. Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

   a. Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **July 31, 2023**.

   b. Document Production. Document production shall be substantially complete by **June 30, 2023**.

   c. Requests for Admission. A maximum of 25 requests for admission are permitted for each side.

   d. Interrogatories.

      i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

   e. Depositions.

      i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of 50 hours of taking testimony by deposition upon oral examination.

      ii. Location of Depositions. Any party or representative (officer,

director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    f.  <u>Disclosure of Expert Testimony</u>.

      i.  <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 29, 2023**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 31, 2023**. Reply Expert reports **November 30, 2023**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Any expert depositions shall be taken no later than **December 29, 2023**.

      ii.  <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      iii.  <u>Expert Discovery Cut-Off</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **December 29, 2023**.

    g.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

      i.  Any discovery motion filed without first complying with the

following procedures will be denied without prejudice to renew pursuant to these procedures.

          ii.        Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an argument.

          iii.        On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

          iv.        The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

          v.        Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

    8.      <u>Motions to Amend / Motions to Strike</u>.

        (a)      Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

        (b)      Any such motion shall attach the proposed amended pleading as well as a

"redline" comparison to the prior pleading or attach the document to be stricken.

9. <u>Letters Regarding Trial.</u> By **January 12, 2024**, the parties shall each submit a three-page letter setting forth their position on whether this case should be tried to the bench or a jury. After receipt of those letters, the Court will set a status teleconference to discuss the filing of dispositive motions and trial.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

| | |
|---|---|
| Joinder of Other Parties and Amendments | March 17, 2023 |
| Document Production Substantially Complete | June 30, 2023 |
| Discovery Cut Off | July 31, 2023 |
| Initial Expert Reports | September 29, 2023 |
| Supplemental Expert Reports | October 31, 2023 |
| Reply Expert Reports | November 30, 2023 |
| Expert Depositions and Discovery Complete | December 29, 2023 |
| Letters Regarding Trial | January 12, 2024 |
| Pretrial Conference | TBD |