

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

CIVIL DIVISION (302) 577-8400
FAX: (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX: (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX: (302) 577-6499

January 12, 2024

**Via CM/ECF**
The Honorable Maryellen Noreika
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, DE 19801

   RE:  Rigby, et al., v. Jennings
       C.A. No. 1:21-cv-1523-MN

Dear Judge Noreika:

   Please allow this letter to serve as Defendant's response to paragraph 9 of the Court's Scheduling Order, ordering the parties to each submit a letter regarding their position on whether this matter should be tried as a bench or jury trial. D.I. 45. Defendant submits that a bench trial is appropriate for this matter, in which Plaintiffs challenge the constitutionality of certain Delaware statutes regulating the manufacture, possession, and distribution of unfinished firearm components and untraceable firearms. Plaintiffs seek a permanent injunction against the enforcement of those statutes.

   "Where the remedy sought is an injunction, the remedy is equitable, and there is no right to a jury trial." *Koninklijke Philips N.V. v. Hunt Control Sys., Inc.*, 2016 WL 6892079, at *2 (D.N.J. Nov. 21, 2016) (citation omitted). Indeed, the right to a jury trial under the Seventh Amendment "does not apply to suits at equity." *Allergan, Inc. v. Alcon, Inc.*, 2005 WL 3971928, at *1 (D. Del. July 22, 2005) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). To determine whether a right to a jury trial exists, courts "conduct two tests to distinguish between legal and equitable actions for Seventh Amendment purposes: a remedial test and a historical test." *Koninklijke*, 2016 WL 6892079, at *2 (citing *Chauffeurs*, 494 U.S. at 565). Under "the remedial test, *which is the more important test*, courts should examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* (emphasis added). Under the historical test, courts "compare the cause of action to 18th-century actions brought in England prior to the merger of the courts of law and equity." *Id.* "Because finding a historically analogous cause of action may be difficult and imprecise, courts place greater emphasis on the relief sought when determining whether an action is legal or equitable." *Id.*

In *Allergan*, plaintiffs filed a patent infringement suit, seeking injunctive relief and attorneys' fees. *Id.* 2005 WL 3971928, at *1. Defendants moved to strike plaintiffs' demand for a jury trial. *Id.* The Court found that plaintiffs were not entitled to a jury trial because, *inter alia*, plaintiffs' claims were equitable in nature. *Id.* Plaintiff could not recover any damages, and only sought injunctive relief. *Id.*

Here, this case should be tried before the bench because a jury trial is inappropriate. Like the plaintiffs in *Allergan*, Plaintiffs in the instant case only seek injunctive relief and attorneys' fees. D.I. 1 at 37-38. Further, Plaintiffs do not seek damages of any kind. *Id.* Because Plaintiffs seek only equitable relief, this matter should proceed as a bench trial.

Further, the current posture of this case lends itself to a bench trial. The record is limited to the statutes themselves and the Expert Declarations of Defendant's expert witnesses.  D.I. 48. Jury pool resources do not need to be expended to decide the narrow legal issue of whether the statutes are constitutional.

The Court's Scheduling Order also states that after receiving the letters regarding the parties' position on whether this matter should be tried before a jury or the bench, "the Court will set a status teleconference to discuss the filing of dispositive motions and trial." D.I. 45 at ¶ 9. Defendant briefly submits that dispositive motions are appropriate in this matter for reasons that can be discussed at the teleconference.

I am available at the Court's convenience to address any questions or concerns this letter may raise.

Respectfully submitted,

*/s/ Kenneth L. Wan*

Kenneth L. Wan

cc:     Counsel for all parties (Via CM/ECF)