# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN RIGBY, ALAN KNIGHT, and FIREARMS POLICY COALITION, INC., <br><br>  Plaintiffs, <br><br>  v. <br><br>KATHY JENNINGS, Attorney General of Delaware, <br><br>  Defendants. | C.A. No. 1:21-cv-01523-MN |

## JOINT STIPULATION OF UNDISPUTED MATERIAL FACTS IN CONNECTION WITH SUMMARY JUDGMENT BRIEFING

In connection with forthcoming briefing on motions for summary judgment, the parties to the above-captioned action respectfully submit that the following facts are undisputed:

1. On October 20, 2021, Governor John Carney signed House Bill 125 ("HB 125" or the "Bill") into law in the State of Delaware.

2. The Bill prohibits: (a) the possession, transportation, shipping, transfer, or sale of non-firearm objects ("NFOs")—*i.e.*, various items or materials, that, while not themselves firearms, could conceivably be used to construct a firearm (the "NFO Ban"); (b) the possession of self-manufactured firearms ("SMFs")—self-made firearms that do not bear a federally licensed firearm manufacturer's serial number—as well as, prospectively, any further self-manufacturing of firearms, including the

assembly, manufacture, sale, or transfer of firearms and major firearm components with the use of three-dimensional printers ("3D Printers") (the "SMF Ban"); and (c) the distribution by the Internet or any other means of any instructions in the form of computer files or code that may be used to program a 3D Printer to manufacture or produce a firearm, firearm receiver, or major component of a firearm (the "Instructions Ban") (the NFO Ban, SMF Ban, and Instructions Ban are collectively referred to as the "Bans").

3. The SMF Ban and the Instructions Ban took effect immediately when Governor Carney signed HB 125 into law. Section 1459A, the NFO Ban, which addressed only the possession of NFOs with no serial numbers, became effective ninety (90) days after the adoption of HB 125—January 18, 2022.

4. Plaintiff John Rigby is a natural person and a United States citizen residing in Sussex County, Delaware.

5. Plaintiff Alan Knight is a natural person and a United States citizen residing in New Castle County, Delaware.

6. Plaintiff Firearms Policy Coalition, Inc. is a 501(c)(4) nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada.

7. Defendant Kathy Jennings is the Attorney General of the State of Delaware.

8. Through HB 125, the Delaware General Assembly amended Chapter 2 of Title 11, and Chapter 5 of Title 11 of the Delaware Code, by adding the following provisions, categorized as Sections 1, 2, and 4 of the Bill:

    a. Section 1 of the Bill amends Chapter 2 of Title 11, in pertinent part, by adding new statutory definitions for the terms "firearm frame or receiver," "major component of a firearm," "three-dimensional printer," "unfinished firearm frame or receiver," and "untraceable firearm."

    b. Section 2 of the Bill amends Chapter 5 of Title 11 to create, in pertinent part, Section 1459A (possession of an "unfinished firearm frame or receiver" with no serial number), a violation of which is a Class D felony, and Section 1463 (untraceable firearms), a violation of which is a Class E or D felony.

    c. Section 4 of the Bill states that the criminal prohibition proscribing the possession of "unfinished firearm frame[s] or receivers" under Section 1459A, takes effect 90 days following the Bill's enactment into law. The Bill was signed by Governor Carney on October 20, 2021, thereby giving Delaware residents until January 18, 2022, to dispossess themselves of items meeting the definition of "unfinished firearm frame[s] or receivers."

3

9. Section 1 of the Bill amends Section 222 of Title 11 of the Delaware Code, by creating, in pertinent part, the following definitions:

   a. " 'Firearm frame or receiver' means the part of the firearm that provides housing for the firearm's internal components, and includes the hammer, bolt or breechblock, action, and firing mechanism."

   b. " 'Major component of a firearm' means the slide, barrel, cylinder, trigger group, or receiver of a firearm."

   c. " 'Three-dimensional printer' means a computer or computer-driven machine of [sic] device capable of producing a three-dimensional object from a digital model."

   d. " 'Unfinished firearm frame or receiver' means a firearm frame or receiver that requires further machining or molding in order to be used as part of a functional firearm, and which is designed and intended to be used in the assembly of a functional firearm."

   e. " 'Untraceable firearm' means a firearm for which the sale or distribution chain from a licensed retailer to the point of its first retail sale cannot be traced by law enforcement officials. 'Untraceable firearm' does not include any of the following:

      i. Firearms manufactured prior to 1968.

      ii. Muzzle-loading firearms designed to use

          black power [sic] or its equivalent.

      iii. Firearms which are designed as replicas of antique firearms originally manufactured prior to 1898."

10. Effective January 18, 2022, it is a Class D felony for anyone in Delaware to "knowingly transport, ship, transfer, or sell an unfinished frame or receiver unless . . . [t]he person is a federally licensed gun dealer or manufacturer," "[t]he name of the manufacturer and an individual serial number are conspicuously placed on the unfinished firearm frame or receiver in accordance with the procedures for the serialization of a firearm in 18 U.S.C. § 923(i)," and "[t]he person maintains records for the unfinished firearm frame or receiver in accordance with the requirements for maintenance of records in 18 U.S.C. § 923(g)." HB 125 Section 2, § 1459A(a). In addition, also effective January 18, 2022, it is a class D felony for anyone in Delaware to "knowingly possess an unfinished firearm frame or receiver that does not have the name of the manufacturer and serial number conspicuously placed on it or on a major component of the firearm into which the unfinished firearm frame or receiver will be housed." HB 125 Section 2, § 1459A(b).

11. Effective immediately upon Governor Carney's signing of the Bill into law, any person is guilty of: a class E felony when that person "knowingly possesses an untraceable firearm" (HB 125, §§ 1463(a), (d)); a class D felony when that person

5

"knowingly manufactures, assembles, causes to be manufactured or assembled, sells, or transfers an untraceable firearm" (HB 125, §§ 1463(b), (e)); a class D felony when that person "[u]ses a three-dimensional printer or similar device to manufacture or produce a firearm, firearm receiver, or major firearm component when not licensed as a manufacturer" (HB 125, §§ 1463(c)(1), (e)); and a class D Felony when that person "[d]istributes by any means, including the internet, to a person who is not licensed as a manufacturer, instructions in the form of computer-aided design files or other code or instructions stored and displayed in electronic format as a digital model that may be used to program a three-dimensional printer to manufacture or produce a firearm, firearm receiver or major component of a firearm." (HB 125, §§ 1463(c)(2), (e)).

12. A Class D felony is punishable by up to 8 years in prison (11 Del. C. § 4205(b)(4)), a Class E felony is punishable by up to 5 years in prison (11 Del. C. § 4205(b)(5)), and a conviction of either would result in the lifetime disqualification of an individual's right to own and possess firearms and ammunition. *See* 18 U.S.C. § 922(g)(1).

13. Rigby is a peaceable citizen not disqualified from exercising his Second Amendment protected right to possess firearms and ammunition.

14. Rigby holds concealed carry permits for Delaware and Pennsylvania.

15. Rigby is not a licensed firearms manufacturer, importer, or dealer.

16. Rigby is a member of Plaintiff FPC.

17. Rigby lawfully owned a self-manufactured a Glock-compatible[1] handgun, which he completed from a Polymer80[2] NFO before enactment of the Bans. Because this firearm was self-manufactured, it is necessarily "a firearm for which the sale or distribution chain from a licensed retailer to the point of its first retail sale cannot be traced by law enforcement officials," thus falling within the SMF Ban's prohibition against all modern, operable "untraceable firearms." (HB 125, § 1463(a)).

18. Due to Rigby's reasonable fear of criminal sanction under the SMF Ban,[3] Rigby has removed his self-manufactured handgun to a location outside of Delaware in a legal manner. Consequently, Rigby is unable to possess his SMF in Delaware for self-defense in the home and other lawful purposes.

---

[1] *See, e.g.*, https://www.polymer80.com/PF940v2-80-Full-Size-Frame-Kit-_2 ("The PF940v2™ is compatible with components for 3-pin 9mm [Glock®] G17, 34, 17L; .40S&W G22, 35, 24; and .357Sig G31.") (last accessed March 25, 2024).

[2] "About Polymer80," online at https://www.polymer80.com/about-us: "Polymer80, Inc. designs and develops innovative firearms and after-market accessories that provide ways for our customer to participate in the build process, while expressing their right to bear arms. This provides a fun learning experience and a greater sense of pride in their completed firearm, strengthening our brand loyalty. We summarize this with our motto of 'Engage Your Freedom.' " (last accessed March 25, 2024). Polymer80, Inc., is presently located in Dayton, Nevada.

[3] For purposes of this statement of undisputed material facts, the parties refer to the effects of the Bans without regard to the existence of the preliminary injunction presently in effect.

19. Rigby also owned and possessed an NFO and associated components, which he lawfully acquired before enactment of the NFO Ban. One or more of these components would fall within the new definition of and prohibition against possessing unserialized "unfinished frames or receivers" under the NFO Ban (HB 125, § 1459A(b)), which mandated dispossession of such components by January 18, 2022.

20. Rigby was mandated to—and did—dispossess himself of the NFO by January 18, 2022, rather than face felony prosecution under Section 1459A.

21. Rigby desires to own and repossess his SMF and his NFO for self-defense and other lawful purposes in Delaware, and to not sell or otherwise permanently dispose of either of them, but he reasonably fears criminal sanction in light of the statutorily mandated dispossession established under the Bans.

22. But for the SMF Ban, Rigby would not have removed his self-manufactured handgun to a location outside of Delaware and would be able to use his self-manufactured handgun for self-defense and other lawful purposes.

23. But for the NFO Ban, Rigby would have continued to possess his NFO in Delaware for the self-manufacturing of a firearm for self-defense in the home and other lawful purposes beyond the January 18, 2022, dispossession deadline.

24. As well, Rigby desires and intends to acquire additional NFOs for self-manufacturing of firearms for self-defense and other lawful purposes—two

examples of which are semiautomatic handguns and rifles—including those that fall within the definition of "unfinished frames or receivers" under the NFO Ban, and he desires and intends to self-manufacture operable firearms for self-defense and other lawful purposes, now prohibited under the SMF Ban, but for the existence and Defendant's active enforcement of those bans.

25. Further, in light of the SMF Ban and Defendant's active enforcement of the same, Rigby is prohibited from self-manufacturing any operable unserialized firearms.

26. Rigby also owns and possesses a 3D Printer.

27. Rigby desires and intends to "manufacture or produce a firearm, firearm receiver, and major firearm components" using his 3D Printer, and would do so but for his reasonable fear of felony prosecution as a result of the SMF Ban and Defendant's active enforcement of the same.

28. Rigby also desires and intends to possess and "distribute by any means, including the Internet, to a person who is not licensed as a manufacturer, instructions in the form of computer-aided design files or other code or instructions stored and displayed in electronic format as a digital model that may be used to program a three-dimensional printer to manufacture or produce a firearm, firearm receiver or major component of a firearm," (*see* 11 Del. C. § 1463(c)(2)) including other ordinary, law-abiding Delaware residents, and would do so but for his reasonable fear of

felony prosecution as a result of the Instructions Ban and Defendant's active enforcement of the same.

29. Knight is a peaceable citizen not disqualified from exercising his Second Amendment protected right to possess firearms and ammunition.

30. Knight holds concealed carry permits for Delaware, Pennsylvania, Florida, and Utah.

31. Knight is not a licensed firearms manufacturer, importer, or dealer.

32. Knight is a member of Plaintiff FPC.

33. Knight lawfully owned and possessed two NFOs and associated components, which he lawfully acquired before enactment of the NFO Ban. One or more of these components would fall within the new definition of and prohibition against possessing unserialized "unfinished frames or receivers" under the NFO Ban (HB 125, § 1459A(b)), which mandated dispossession of such components by January 18, 2022.

34. Knight was mandated to—and did—dispossess himself of the unserialized NFOs by January 18, 2022, rather than face felony prosecution under Section 1459A.

35. Knight desires to own and repossess his NFOs for the self-manufacturing of firearms for self-defense in the home and other lawful purposes, and to not sell or otherwise permanently dispose of either of them, but he reasonably

fears criminal sanction in light of the statutorily mandated dispossession established under the Bans. But for the NFO Ban, Knight would have continued to possess his NFOs in Delaware for self-defense and other lawful purposes beyond the January 18, 2022, dispossession deadline.

36. As well, Knight desires and intends to acquire additional NFOs for self-manufacturing of firearms for self-defense and other lawful purposes—two examples of which are semiautomatic handguns and rifles—including those that fall within the definition of "unfinished frames or receivers" under the NFO Ban. He also desires and intends to self-manufacture operable firearms for self-defense and other lawful purposes, now prohibited under the SMF Ban, and, but for the SMF Ban, Knight would possess one or more SMFs in Delaware for self-defense and other lawful purposes.

37. However, in light of the NFO Ban and Defendant's active enforcement of same, Knight is currently prohibited from purchasing or otherwise acquiring any such NFOs, and he is prohibited from ever again possessing, transporting, shipping, transferring, or selling any such NFOs any time on or after January 18, 2022.

38. Further, in light of the SMF Ban and Defendant's active enforcement of the same, Knight is currently prohibited from self-manufacturing any operable firearms.

39. Plaintiff FPC serves its members and the public through legislative

advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

40. FPC has members in Delaware, including Plaintiffs Rigby and Knight.

41. FPC represents its Delaware resident members—who include gun owners, prospective gun owners, self-manufacturers, and retailers and purchasers of NFOs and firearm parts, and others—and brings this action on behalf of its members, including Plaintiffs Rigby and Knight.

42. As evidenced by Plaintiffs Rigby and Knight, some of FPC's Delaware resident members lawfully acquired NFOs prior to the enactment of the Bans.

43. Those Delaware resident members were required to dispossess themselves of their NFOs by January 18, 2022, or face felony prosecution under Section 1459A, and they reasonably fear criminal sanction in light of the statutorily mandated dispossession established under Section 1459A of HB 125.

44. As evidenced by Plaintiffs Rigby and Knight, some of Plaintiff FPC's Delaware resident members also desire to acquire additional NFOs for self-manufacturing of firearms for self-defense and other lawful purposes, including those that fall within the definition of "unfinished frames or receivers" under Delaware's Bans, and further desire to self-manufacture additional operable firearms for self-defense or other lawful purposes, and they would do so but for the NFO Ban. However, they are prohibited, as of January 18, 2022, from possessing, transporting,

shipping, transferring, or selling any such unfinished receivers or frames under Section 1459A of HB 125, and they are currently prohibited from possessing, manufacturing, assembling, or causing to be manufactured or assembled any operable SMFs, under Section 1463 of HB 125.

45. As evidenced by Plaintiffs Rigby and Knight, some of FPC's members own and possess a 3D Printer.

46. As evidenced by Plaintiffs Rigby and Knight, some of FPC's members have, and desire to continue to "manufacture or produce a firearm, firearm receiver, and major firearm components" using their 3D Printers, and they would do so but for the Bans.

47. As evidenced by Plaintiffs Rigby and Knight, some of FPC's members have, and desire to continue to possess and "[d]istribute by any means, including the internet, to a person who is not licensed as a manufacturer, instructions in the form of computer-aided design files or other code or instructions stored and displayed in electronic format as a digital model that may be used to program a three-dimensional printer to manufacture or produce a firearm, firearm receiver or major component of a firearm." *See* HB 125, § 1463(c)(2). They would do so but for the Instructions Ban.

48. Based on the threat of felony prosecution under the Bans that Defendant is actively enforcing, FPC's Delaware resident members have been prevented from acquiring, possessing, transporting, or receiving NFOs and SMFs through self-

manufacturing, including through the use of 3D Printers, for self-defense and other lawful purposes, and from distributing the computer files and code from which NFOs and SMFs can be 3D-printed.

49. As evidenced by Plaintiffs Rigby and Knight, some of FPC's Delaware resident members fear criminal prosecution by and through Defendant's administration, implementation, and enforcement of the laws, regulations, policies, practices, and customs challenged herein.

50. On September 29, 2023, Defendant produced to Plaintiffs the expert declarations of Robert Spitzer, Brian DeLay, and Daniel Webster.

Dated: March 25, 2024

| GELLERT SCALI BUSENKELL & BROWN LLC<br><br>*/s/ Bradley P. Lehman*<br>Bradley P. Lehman, (I.D. #5921)<br>1201 N. Orange Street, Suite 300<br>Wilmington, DE 19801<br>(302) 425-5800<br>blehman@gsbblaw.com<br><br>*Counsel for Plaintiffs* | STATE OF DELAWARE DEPARTMENT OF JUSTICE<br><br>*/s/ Kenneth L. Wan*<br>Patricia A. Davis (I.D. #3857)<br>Kenneth L. Wan (I.D. #5667)<br>Deputy Attorneys General<br>Carvel Building<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801<br>(302) 577-8400<br>PatriciaA.Davis@delaware.gov<br>Kenneth.Wan@delaware.gov<br><br>*Counsel for Defendants* |