IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN RIGBY, ALAN KNIGHT, and FIREARMS POLICY COALITION, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>KATHY JENNINGS, Attorney General of Delaware,<br><br>    Defendants. | C.A. No. 1:21-cv-01523-MN |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN LIGHT OF *BONDI V. VANDERSTOK***

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
*Admitted *Pro hac vice*
Dated: April 8, 2025

Bradley P. Lehman (DE 5921)
GELLERT SEITZ BUSENKELL
& BROWN, LLC
1201 N. Orange Street, Ste. 300
Wilmington, DE 19801
Telephone: (302) 416-3344
Facsimile: (302) 425 5814
blehman@gsbblaw.com

*Counsel for Plaintiffs*

Pursuant to this Court's Order, D.I. 67 (March 26, 2025), Plaintiffs respectfully submit this brief supplement, in light of *Bondi v. VanDerStok*, 604 U.S. ___, 2025 WL 906503 (2025), of their papers supporting their motion for summary judgment. In short, *VanDerStok* has no impact on the present dispute.

*VanDerStok* dealt with a challenge under the Administrative Procedure Act to a Bureau of Alcohol, Tobacco, Firearms and Explosives rule that extended federal regulation of "firearms" to cover certain unfinished firearm components that could be manufactured into a functional "frame" or "receiver" of a firearm as well as some weapons parts kits that lack a functional "frame" or "receiver." *Id.* at *3–4; *see also* Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24652 (Apr. 26, 2022) (effective Aug. 24, 2022). In *VanDerStok*, the Supreme Court held that the rule was not facially invalid as to the parts kits "[b]ecause at least some weapon parts kits" would be so close to functional that they would fit within the ordinary meaning of a "weapon" that could "readily be converted" to fire a projectile (a part of the federal statutory definition of the term "firearm"). 2025 WL 906503, at *8 (quoting 18 U.S.C. § 921(a)(3)(A)). And similarly, with respect to the unfinished firearm components, the Court held that the ordinary meaning of "frame" or "receiver" extended to "at least some 'partially complete' frames or receivers," noting specifically that an item that could be converted to functional condition by "anyone … in minutes" "using common tools" would fall within the scope of the statute. *VanDerStok*, 2025 WL 906503, at *9–10 (first quoting 27 C.F.R. § 478.12(c)).

The upshot of this analysis is that *VanDerStok* may indicate a change, on the margins, of what constitutes a "frame" or "receiver" of a firearm under federal law, and the ATF rule referenced above remains in place (though susceptible to possible as-applied challenges in future cases). *See* 2025 WL 906503, at *5. The Supreme Court did not pass upon any constitutional issues

with respect to the challenged rule even though one set of Respondents raised a constitutional avoidance argument because it found the language of the statute unambiguous. *See id.* at *12.

Even though it dealt with the validity of regulations pertaining to non-firearm objects ("NFOs") that are also at issue in this case, *VanDerStok* does not impact this case at all. The federal rule defining "firearm" at issue in *VanDerStok* has been in place for much of the time this case has been pending, and certainly for the entire period since Defendant Jennings filed her Answer, D.I. 40 (Nov. 4, 2022), to Plaintiffs' complaint and during the whole period during which the parties briefed summary judgment, *see, e.g.*, Pls.' Br. in Supp. of Mot. for Summ. J., D.I. 60 at 7–8 (March 25, 2024) ("Pls.' MSJ Br.") (discussing contours of the rule). Delaware's regulations here are both more capacious, *see* 11 DEL. CRIM. CODE § 222 (35) (defining "[u]nfinished frame or receiver" to include any "firearm frame or receiver that requires further machining or molding in order to be used as a part of a functional firearm, and which is designed and intended to be used in the assembly of a functional firearm"), and more restrictive, *see id.* § 1459A(b) (making it a felony to "knowingly possess" an unserialized unfinished frame or receiver); *see also* Pls'. MSJ Br. at 7–8 (discussing differences from federal regulation). Therefore, even if *VanDerStok* had sanctioned the federal regulatory scheme with respect to the Second Amendment—and it did not—it would be irrelevant here. By limiting the ability of its citizens to use NFOs to manufacture firearms, even those that the ATF still today would not consider to be a "firearm" under federal law, Delaware unconstitutionally restricts its citizens in a way that implicates the plain text of the Second Amendment. And there is zero historical support for those restrictions. *See id.* at 6–11.[1]

The Court should, therefore, consistent with Plaintiffs' briefing in its summary judgment

---

[1] *VanDerStok* is even more clearly irrelevant to other parts of Plaintiffs' case, like Plaintiffs' claim that Delaware's ban on distributing instructions for producing firearm parts using a 3D printer violates the First Amendment. Such restrictions were not even part of the ATF rule at issue in the case. *See* Pls', MSJ Br. at 15–18.

papers, grant Plaintiffs' motion for summary judgment on all claims and deny Defendant Jennings' cross-motion.

Dated: April 8, 2025

Respectfully submitted,

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Bradley P. Lehman*
Bradley P. Lehman (DE 5921)
1201 N. Orange Street, Ste. 300
Wilmington, DE 19801
Telephone: (302) 416-3344
Facsimile: (302) 425-5814
blehman@gsbblaw.com

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
*Admitted *Pro hac vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Bradley P. Lehman, Esq. hereby certify that on April 8, 2025, I caused a true and correct copy of Plaintiffs' Supplemental Brief to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

Dated: April 8, 2025                                         /s/ Bradley P. Lehman
                                                                                 Bradley P. Lehman (DE 5921)