IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN RIGBY, ALAN KNIGHT, and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KATHY JENNINGS, Attorney General of Delaware, <br><br> Defendant. | : <br> : C.A. No. 1:21-cv-01523-MN <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER
<u>MOTION FOR SUMMARY JUDGMENT</u>**

On March 26, 2025, the Supreme Court of the United States held, in a 7-2 decision, that the Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATF") categorization of weapon parts kits and unfinished frames and receivers as firearms was facially consistent with the Gun Control Act of 1968 ("GCA"). *Bondi v. VanDerStok,* No. 23-852, 2025 WL 906503 (U.S. Mar. 26, 2025).

Defendant Attorney General Kathleen Jennings ("A.G. Jennings") submits this supplement to her motion for summary judgment and opening brief in support thereof (D.I. 57-58) based on this decision and as permitted by this Court. D.I. 67.

<u>**ARGUMENT**</u>

**I.   The Supreme Court confirmed the Nation's historical tradition of weapon regulation justifying the regulation of weapon parts kits, frames, and receivers.**

The Supreme Court found "[r]ecent years … have witnessed profound changes in how guns are made and sold." *VanDerStok*, 2025 WL 906503, at *3. "When Congress adopted the [Gun Control] Act in 1968, 'the milling equipment, materials needed, and designs were far too expensive

for individuals to make firearms practically or reliably on their own.'" *Id.* (citing 87 Fed. Reg. 24688). "With the introduction of new technologies like 3D printing and reinforced polymers, that is no longer true." *Id.*

What remains true is that "[f]or more than half a century, firearms dealers, manufacturers, and importers have … marked their products with serial numbers, kept records of firearm sales, and conducted background checks for prospective buyers." *VanDerStok*, 2025 WL 906503, at *13 (Sotomayor, J. concurring) ("[t]hese requirements are not new to the industry"). "What is new is that some manufacturers have sought to circumvent the [Gun Control] Act's requirements by selling easy-to-assemble firearm kits and frames." *Id.*

These "profound changes" prompted the ATF to adopt a rule in 2022 interpreting the GCA to "cover weapon parts kits that are designed to or may readily be converted to expel a projectile, and partially complete, disassembled, or nonfunctional frames or receivers." *VanDerStok*, 2025 WL 906503, at *1.

Similarly, these "profound changes" compelled the Delaware General Assembly to pass into law House Bill 125 ("HB 125") addressing the threat posed by unserialized firearms, frames, and receivers. The threat posed by the profound changes in home-assembled firearms today constitutes 'unprecedented societal concerns' and 'dramatic technological changes' and requires a more nuanced approach to determine the historical tradition of firearm regulation. *See New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 27 (2022). A.G. Jennings outlines this nuanced approach of reasoning in her opening brief. D.I. 58, 63. Specifically, "American history is replete with regulations on the right to bear those arms viewed as presenting a particular threat to society from violence and crime." D.I. 58 at 13 (comparing the regulation on ghost guns and

unfinished frames and receivers with no serial numbers to the historical regulation of clubs, bludgeons, Bowie knives; trap guns, punt/pivot/swivel guns; and gunpowder).

The legislation enacted by HB 125 is analogous to historical regulation of arms and demonstrate that 11 *Del C.* § 1459A and 11 *Del. C.* § 1463 are consistent with this Nation's historical tradition of firearm regulation to outlaw weapons connected with violent crime and criminality. The Supreme Court of the United States has made clear that regulating home-assembled weapons is consistent with the regulation of firearms historically. The decision here should be no different.

**II.     House Bill 125 is supported by the recent Supreme Court decision.**

The Supreme Court upheld ATF's enforcement of the GCA against weapon parts kits and unfinished frames and receivers. *VanDerStok*, 2025 WL 906503. This decision allows ATF to continue to enforce the GCA against any person except a licensed importer, licensed manufacturer, or licensed dealer who imports, manufactures, sells, ships, transports, or receives any weapons parts kit, frame, or receiver. 18 U.S.C. § 922 (a)(1)(A).

HB 125 characterizes these same weapon parts kits, frames, and receivers as unfinished or untraceable firearms and criminalizes the transport, shipment, transfer, and sale of the same. 11 *Del C.* § 1459A. Because the Supreme Court has ruled the GCA can be enforced against weapon parts kits or unfinished frames or receivers, HB 125's regulation of unfinished and untraceable firearms must also be found valid. *See VanDerStok*, 2025 WL 906503, at *9 (holding "various criminal laws addressing firearms can apply to weapon parts kits"). As such, Delaware's laws–11 *Del. C.* § 1459A, which includes enforcement against unlicensed gun dealers and manufacturers who knowingly transport, ship, transfer, or sell an unfinished firearm frame or receiver and 11 *Del. C.* § 1463 which makes it illegal to possess or manufacture an untraceable firearm–are enforceable.

*See Id.* (holding enforcement against unlicensed gun dealers and manufacturers who import, manufacture, sell, ship, transport, or receive any weapon parts kit, frame, or receiver).

Further, the Supreme Court found criminal laws "that require those who import, manufacturer [sic], or deal in 'firearms' to obtain federal licenses, keep records of their sales, and conduct background checks … can be applied sensibly to weapon parts kits." *See VanDerStok*, 2025 WL 906503, at *9. HB 125 does just this by making it a crime to possess an unfinished firearm, or weapon parts kit. *See* 11 *Del. C.* § 1463. Accordingly, HB 125 is directly in line with the Supreme Court's holding in *VanDerStock*, as the same reasoning applies to both statutes. Therefore, the Supreme Court's decision in *VanDerStok* strongly supports HB 125's regulation of unfinished firearms, frames, and receivers.

### III. Granting a permanent injunction against enforcement of 11 *Del. C.* § 1459A and 11 *Del. C.* § 1463 is against public policy and safety as supported by *VanDerStok*.

"Police departments around the Nation have confronted an explosion of crimes involving these ghost guns…and [e]fforts to trace the ownership of these weapons have proven almost entirely futile." *VanDerStok*, 2025 WL 906503, at *3. The Supreme Court found "[e]xisting gun control measures … allowed criminals to acquire largely untraceable guns too easily." *Id.*, at *2. The Supreme Court noted that some manufacturers say, "they are free to sell their [weapon parts kits] without obtaining a federal license, conducting background checks, maintaining sales records, or marking components with serial numbers." *Id.*, at *3. "In response, Congress adopted a number of new mandates." *Id.*, at *2. These new mandates included the ATF adopting "a new rule designed to combat the proliferation of ghost guns." *Id.*, at *3.

The Delaware legislature took the same approach as the ATF when it found unserialized home-assembled firearms were increasingly used in criminal activity. D.I. 58 at 3. In response,

4

the Delaware legislature passed laws to outlaw firearms that are never given a serial number. 11 *Del. C.* § 1459A and 11 *Del. C.* § 1463.

The Plaintiffs in the instant action seek the ability to possess, sell, ship, or transport unserialized weapon parts kits, frames, and receivers. The relief they seek is no longer legal under the GCA, pursuant to *VanDerStok.* 2025 WL 906503. Delaware's legislation outlaws the same home-assembled firearms outlawed by the GCA. The Delaware General Assembly adopted this legislation to combat the explosion of crime involving unserialized firearms. The profound changes to how modern firearms are made and sold pose a real threat to public safety and was the driving force behind the ATF's regulation. Delaware's legislative effort to address this public safety threat was done for the same reason. Accordingly, the Delaware statute should be upheld.

## CONCLUSION

WHEREFORE, A.G. Jennings respectfully requests that this Honorable Court grant her Motion for Summary Judgment and enter judgment in her favor.

                        STATE OF DELAWARE
                        DEPARTMENT OF JUSTICE

                        */s/ Lorin P. Huerta*
                        Patricia A. Davis (#3857)
                        Lorin P. Huerta (#7211)
                        Deputy Attorneys General
                        Carvel State Office Building
                        820 N. French Street, 6th Floor
                        Wilmington, Delaware 19801
                        (302) 577-8400
                        *Attorneys for Defendant*

Date: April 8, 2025