# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF DELAWARE

| | |
|---|---|
| JOHN RIGBY, ALAN KNIGHT, and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KATHY JENNINGS, Attorney General of Delaware, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 1:21-cv-01523-MN ) ) ) ) ) ) ) ) ) |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Date: January 08, 2026

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**
Jennifer Kate Aaronson (#3478)
Deputy Attorney General
820 N. French Street
Wilmington, Delaware 19801
(302) 577-8808
*Attorney for Defendant*

1

Pursuant to Local Rule 7.1.2(b), Defendant respectfully submits this Notice of Supplemental Authority to identify new authority relevant to the Defendant's Motion and Opening Brief in Support of Defendant's Motion for Summary Judgment D.I. 57-58, Defendant's Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment D.I. 63, Defendant's Reply in Support of Defendant's Motion for Summary Judgment D.I. 65, and Defendant's Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment D.I. 73.

In *Cocking v. State*, 567 P.3d 348, 41 Nev. Adv. Op. 21 (2025), the Supreme Court of Nevada affirmed defendant's conviction for possessing "a firearm that is not imprinted with a serial number issued by a firearms importer or manufacturer in accordance with federal law and any regulations adopted thereunder" in violation of Nevada's statute, NRS 202.264(1). Citing *United States v. Serrano*, 651 F. Supp. 3d (S.D. Cal. 2023) and *United States v. Price*, 111 F.4th 1192 (4th Cir. 2024), the Nevada Court concluded the criminal statute "does not regulate conduct protected by the Second Amendment because it does not infringe on a law-abiding citizen's right to keep and bear arms for self-defense and other lawful purposes." *Id*. at 353-354. A copy of the opinion is attached as Exhibit A. The *Cocking* decision (and the precedent cited therein) supports Defendant's argument that unserialized firearms and unfinished frames are not protected by the Second Amendment. D.I. 58 at 3-4, 9-12; D.I. 63 at 3-8; D.I. 65 at 1-5; D.I. 73 at 3-4.

Although the *Price* decision specifically dealt with obliterated serial numbers, as opposed to guns that never had serial numbers, courts generally treat the two categories the same for all practical purposes. Attached as Exhibit B is *Montgomery v. Rosenblum,* 2024 WL 3887248 (D. Or. Aug. 20, 2024) (decided after briefing on the parties cross-motions for summary judgment was complete) in which the Oregon District Court noted the plaintiff failed to identify "any meaningful difference between wanting to manufacture an unserialized firearm and wanting to remove a serial number from a firearm—in both instances, the goal is obtaining an unserialized firearm". *Id.* at *5.

Dated this 8th day of January 2026.

Respectfully Submitted,

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Jennifer Kate Aaronson*
Jennifer Kate Aaronson (#3478)
Deputy Attorney General
820 N. French Street
Wilmington, Delaware 19801
(302) 577-8808
*Attorney for Defendant*