

KATHLEEN JENNINGS
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
CRIMINAL DIVISION (302) 577-8500
FRAUD DIVISION (302) 577-8600
FAX (302) 577-2610

February 9, 2026

**VIA CM/ECF**
The Honorable Maryellen Noreika
United States District Court
  For the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:   *Rigby, et al.*, *v. Jennings*
             <u>D. Del. No. 1:21-cv-1523-MN – Status Update</u>

Dear Judge Noreika:

      On September 23, 2022, the Court entered an Order and issued a *Memorandum Opinion* in which the Court granted, in part, Plaintiffs' motion for a preliminary injunction. D.I. 38 & 39; *Rigby v. Jennings*, 630 F. Supp. 3d 602 (D. Del. 2022). Specifically, the Court enjoined enforcement of 11 Del. C. §§ 1459A(b), 1463(a) and 1463(c)(1) as well as the portions of §1463(b). Collectively the statutes prohibit the possession, manufacturing or assembly of untraceable firearms. D.I. 39. *Rigby v. Jennings*, 630 F. Supp. 3d 602 (D. Del. 2022). I write to advise the Court that a charge of Possession of an Untraceable Firearm, 11 Del. C. §1463(a), was mistakenly prosecuted in Family Court and to explain the circumstances.

      To provide notice and to ensure ongoing compliance with the Court's Order, Delaware Department of Justice ("DOJ") issued a guidance memorandum explaining the preliminary injunction and referencing in detail the sections of the statutes that were enjoined from prosecution pursuant to the Court's Order. It was also very likely raised at a Delaware Police Chiefs Association as part of their monthly meetings include DOJ updates on recent opinions or changes in the law.

The Honorable Maryellen Noreika
February 9, 2026

      On January 25, 2025, a New Castle County officer charged a juvenile, age 17, with Possession of an Untraceable Firearm, 11 Del. C. §1463(a), Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, 11 Del. C. §1448(a)(5), and Unsafe Storage of a Firearm, 11 Del. C. § 1456(a). The case proceeded to the Family Court.

      In Family Court, the Deputy Attorney General ("DAG") assigned to the case mistakenly proceeded with prosecution on all the charges. To resolve the case, the DAG offered a plea agreement whereby the juvenile would plead guilty to possessing an untraceable firearm because the sentencing guidelines under § 1463(a) were more favorable for the juvenile than possession of a firearm by a person prohibited. Specifically, possession of a firearm by a juvenile carries a six (6) month mandatory term of detention / incarceration – possession of an untraceable firearm does not. On April 28, 2025, the juvenile accepted the State's offer and pled guilty. The sentence imposed by the Court did not include a period of detention, but did include the Cottages, a Level 4 probation supervised by Youth Rehabilitative Services.

      In reviewing a summary report of criminal charges and convictions in Delaware for the last five years for an unrelated case, Counsel discovered the enjoined statute had mistakenly been prosecuted. The prosecuting DAG promptly notified defense counsel. The State filed a Motion to Vacate Conviction in the Family Court on January 27, 2026, which was granted by the Court the same day.

      Counsel is available should the Court have any questions.

      Respectfully submitted,

      */s/ Jennifer Kate Aaronson*

      Jennifer Kate Aaronson
      (DE Bar No. 3478)

cc: Clerk of Court (via CM/ECF)
    Counsel of Record (via CM/ECF)