

600 North King Street, Suite 300
Wilmington, DE 19801-3776

302.353.4144

**Bradley P. Lehman**
Counsel
302.295.5674
BLehman@whitefordlaw.com

August 10, 2026

<u>**Via CM/ECF**</u>
The Hon. Maryellen Noreika
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Unit 19
Room 4324
Wilmington, Delaware 19801-3555

Re:  ***Rigby v. Jennings*, No. 1:21-cv-01523-MN**

Dear Judge Noreika:

Pursuant to Local Rule 7.1.2(b), Plaintiffs respectfully notify the Court of the Third Circuit's en banc decision in *Association of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney General New Jersey*, Nos. 24-2415, 24-2450 & 24-2506, 2026 WL 2075513 (July 17, 2026 3d Cir.) ("*ANJRPC*"), which supports Plaintiffs' pending motion for summary judgment. *See* ECF No. 60 at 5-15; ECF No. 62 at 2-17; ECF No. 64 at 1-8.

First, *ANJRPC* forecloses Delaware's argument that Plaintiffs must prove "unserialized firearms" or unfinished receivers are independently in common use in order to implicate the Second Amendment. *See* ECF No. 65 at 4-5. "Common use" is not part of *Bruen*'s textual inquiry because it appears nowhere in the Second Amendment's text. 2026 WL 2075513, at *12. A completed personally manufactured handgun or rifle is an "Arm," and the State cannot transform it into a constitutionally distinct category by labeling it "untraceable." *ANJRPC* rejected precisely that maneuver: a legislatively devised label cannot govern the Amendment's reach. *Id.* at *22. Nor does the availability of serialized substitutes eliminate the burden; alternatives are also irrelevant at the textual step. *Id.* at *23.

*ANJRPC* also reinforces protection for frames and receivers. It reaffirmed that components facilitating a firearm's operation are "Arms," even where alternative components exist. *Id.* at *22-23. A frame or receiver—the central component from which a protected firearm is constructed—has at least as close a nexus to the right as the magazines protected in *ANJRPC*.

**Whiteford, Taylor & Preston LLP | whitefordlaw.com | CO · DC · DE · FL · KY · MD · NC · NJ · NY · VA**

*\*Whiteford, Taylor & Preston LLP is a limited liability partnership.  Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston LLC*

August 10, 2026
Page 2

Second, *ANJRPC* rejected Delaware's principal historical analogues. Gunpowder-storage laws, *see* ECF No. 65 at 8, served fire-safety purposes, not firearm-violence or traceability interests. 2026 WL 2075513 at \*19, \*24. Trap-gun laws regulated unattended weapons rigged for automatic and indiscriminate discharge, not peaceful possession or personal manufacture. *Id.* at \*19 n.34. And Bowie-knife, club, and slungshot laws generally regulated concealed carry or misuse, arose too late, and did not establish a tradition of possession bans. *Id.* at \*19-21.

Because HB 125 prohibits possession and personal manufacture of ordinary firearms without a relevantly similar historical tradition, *ANJRPC* confirms that Plaintiffs are entitled to summary judgment.

Dated: August 10, 2026

Respectfully submitted,

*/s/ Bradley P. Lehman*

David H. Thompson\*
Peter A. Patterson\*
William V. Bergstrom\*
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

Bradley P. Lehman (DE 5921)
Whiteford, Taylor, & Preston, LLC
600 North King Street, Ste. 300
Wilmington, DE 19801
Telephone: (302) 295-5674
Facsimile: (302) 295-5678
blehman@whitefordlaw.com

*\*Admitted Pro Hac Vice*