

600 North King Street, Suite 300
Wilmington, DE 19801-3776

302.353.4144

**Bradley P. Lehman**
Counsel
302.295.5674
BLehman@whitefordlaw.com

August 10, 2026

<u>**Via CM/ECF**</u>
The Hon. Maryellen Noreika
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Unit 19
Room 4324
Wilmington, Delaware 19801-3555

Re:   ***Rigby v. Jennings*, No. 1:21-cv-01523-MN**

Dear Judge Noreika:

Pursuant to Local Rule 7.1.2(b), Plaintiffs respectfully submit *Wolford v. Lopez*, 146 S. Ct. 2032 (2026), and *United States v. Hemani*, 146 S. Ct. 1677 (2026), as supplemental authorities pertinent to Plaintiffs' pending motion for summary judgment. *See* ECF No. 60 at 5-15; ECF No. 62 at 2-17; ECF No. 64 at 1-8.

*Wolford* confirms that *Bruen*'s plain-text inquiry asks whether the challenged law applies to "the people," concerns "Arms," and "place[s] any restrictions on" "keep[ing]" or "bear[ing]" arms. *Wolford*, 146 S. Ct. at 2043. If so, the law is presumptively unconstitutional. *Id.* at 2044. *Wolford* framed that inquiry broadly: the plain text protected what petitioners sought to do—"carry handguns for self-defense." *Id.* at 2039 (quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 32 (2022)). As Justice Jackson observed, the majority's approach asks "whether a gun owner cannot do what she wants with her firearm." *Id.* at 2064 (Jackson, J., dissenting). Delaware's attempt to make whether self-manufactured arms are "in common use" a textual requirement, *see* ECF No. 65 at 5, is inconsistent with that inquiry.

A law need not be a complete prohibition to implicate the Second Amendment. Delaware argues that serialized firearms remain available without self-manufacturing. *Id.* at 7. But *Wolford* involved a law permitting carry with an owner's consent—a "workaround"—yet the Court still applied *Bruen*. *Wolford*, 146 S. Ct. at 2047. Here, HB 125 criminalizes possessing, transferring, transporting, or selling an unserialized arm or constituent part. 11 Del. C. § 1459A. That restriction is sufficient at step one.

**Whiteford, Taylor & Preston LLP | whitefordlaw.com | CO · DC · DE · FL · KY · MD · NC · NJ · NY · VA**

*\*Whiteford, Taylor & Preston LLP is a limited liability partnership.  Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston LLC*

August 10, 2026
Page 2

At step two, *Wolford* reiterates that "[a]n outlier legal rule adopted in a few locales is not enough"; an analogue must be "widespread, well-known, and widely accepted." *Wolford*, 146 S. Ct. at 2050, 2053. *Hemani* likewise rejected analogues that targeted different people, for different reasons, and operated differently. 146 S. Ct. at 1694. Together, *Wolford* and *Hemani* reinforce Plaintiffs' argument that Delaware has identified no relevantly similar analogue, ECF No. 62 at 13-17, and that its analogies fail *Bruen*'s "how" and "why" inquiry, ECF No. 64 at 7-8.

Dated: August 10, 2026

Respectfully submitted,

*/s/ Bradley P. Lehman*

David H. Thompson\*
Peter A. Patterson\*
William V. Bergstrom\*
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

Bradley P. Lehman (DE 5921)
Whiteford, Taylor, & Preston, LLC
600 North King Street, Ste. 300
Wilmington, DE 19801
Telephone: (302) 295-5674
Facsimile: (302) 295-5678
blehman@gsbblaw.com

*\*Admitted Pro Hac Vice*