**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN RIGBY, ALAN KNIGHT, AND FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br>v.<br><br>KATHY JENNINGS,<br><br>Defendant. | Case No. 1:21-cv-01523-MN |

**PLAINTIFFS' CONSENTED MOTION TO STAY DEADLINE TO FILE FEE PETITION**

NOW, come Plaintiffs, by and through their undersigned counsel, and hereby move to stay the deadline, under Fed. R. Civ. P. 54, to petition for attorneys' fees arising from this matter. Pursuant to Rule 7.1.1, counsel for Plaintiffs conferred with counsel for the Defendant and counsel for the Defendant consents to the requested stay.

1. Following this Court's order entering judgment in part in Plaintiffs' favor, *see* Judgment, Doc. 83 (Sept. 10, 2026), Plaintiffs are "prevailing part[ies]" in a suit under 42 U.S.C. § 1983, and are therefore entitled to seek attorneys' fees incurred in bringing this suit. 42 U.S.C. § 1988. Under Federal Rule of Civil Procedure 54, Plaintiffs' petition is due on or before, September 24, 2026, which is 14 days after the entry of judgment.

2. Plaintiffs understand that the State is currently planning to file a Rule 59(e) motion to alter or amend the judgment. Furthermore, should the judgment not be amended, Plaintiffs understand that the State currently plans to appeal from the judgment against it. Either event could impact whether Plaintiffs remain "prevailing part[ies]" within the meaning of the statute. In the interest of judicial economy, Plaintiffs respectfully request that the Court stay the deadline to seek

fees in this matter until after the Rule 59(e) motion and any subsequent appellate proceedings, including proceedings on a petition for certiorari to the Supreme Court, have run their course.

3. Specifically, Plaintiffs request that this Court enter an order staying the deadline to seek attorneys' fees and directing the parties to confer and propose a briefing schedule for any fee petition within 30 days after: (i) the time for filing an appeal has passed, if no notice of appeal is filed, or if a notice of appeal is filed, (ii) the time after which any potential proceedings on certiorari have concluded, either because no petition was filed and the time to do so has passed or because a petition was filed and has been finally acted on by the Supreme Court through a decision or a denial of the petition.

Dated: September 17, 2026

Respectfully submitted,

*<u>/s/ Bradley P. Lehman</u>*
Bradley P. Lehman (DE 5291)
WHITEFORD, TAYLOR & PRESTON LLC
600 North King Street, Suite 300
Wilmington, DE 19801
(302) 295-5674
blehman@whitefordlaw.com

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hamsphire Ave., N.W.
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
*Admitted *Pro hac vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Bradley P. Lehman, Esq. hereby certify that on September 17, 2026, I caused a true and correct copy of Plaintiffs' Consented Motion to Stay Deadline to File Fee Petition to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

*/s/ Bradley P. Lehman*
Bradley P. Lehman (DE 5921)